```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA,

                            Plaintiff,

vs.                                      13-CR-87

TERRELL WRIGHT,

                            Defendant.
-----------------------------------------------------x
```

Transcript of *CHANGE OF PLEA* held on September 19, 2013, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE FREDERICK J. SCULLIN, JR., Presiding.

A P P E A R A N C E S

```
For Plaintiff:     OFFICE OF THE UNITED STATES ATTORNEY
                   100 South Clinton Street
                   PO Box 7198
                   Syracuse, New York 13261-7198
                     BY:  JOHN M. KATKO, Esq.
                          Assistant United States Attorney

For Defendant:     OFFICE OF THE FEDERAL PUBLIC DEFENDER
                   The Clinton Exchange - 3rd Floor
                   4 Clinton Square
                   Syracuse, New York 13202
                     BY:  MELISSA A. TUOHEY, ESQ.
```

*Diane S. Martens, RPR, FCRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261*
*(315)234-8545*

1             (Open court:)
2             THE CLERK:  Case is United States of America versus
3  Terrell Wright, 13-CR-87.
4             Appearances for the record.
5             MR. KATKO:  Good morning, your Honor, John Katko
6  for the United States.
7             THE COURT:  Mr. Katko.
8             MS. TUOHEY:  Good morning, your Honor, Melissa
9  Tuohey on behalf of Terrell Wright, who is also present.
10            THE COURT:  Thank you, Ms. Tuohey.
11            Mr. Wright, if you would come forward, please, with
12 your attorney.
13            Mr. Wright, it's my understanding that you wish to
14 enter a plea here today to a three-count indictment; in
15 essence, charging you with forcibly interfering with two
16 federally-deputized detectives while they're engaged and on
17 account of performance of their official duties using a
18 dangerous weapon; that is, a Glock model 27, .40 caliber
19 handgun.  That's Count 1.
20            Count 2 is that you did brandish that weapon.
21            And Count 3 that you were in possession of that
22 weapon, having been previously convicted of a felony;
23 therefore, ineligible to possess such a weapon; is that
24 correct?
25            THE DEFENDANT:  Yes, sir.

1            THE COURT:  Before the Court can accept a plea from
2    you, I must be satisfied that you're entering into this plea
3    of your own free will and that you understand the
4    consequences of your plea.
5            So, at this time I'll have you placed under oath
6    and then I'll ask you some questions.
7            THE CLERK:  Please raise your right hand.
8            (Defendant duly sworn.)
9            THE COURT:  Would you state your full name and your
10   age, please.
11           THE DEFENDANT:  Terrell Anthony Wright, age 29.
12           THE COURT:  And what has been your formal
13   education?
14           THE DEFENDANT:  I completed up to the tenth grade.
15   I got my GED.
16           THE COURT:  All right.  And what kind of work have
17   you been involved with since then?
18           THE DEFENDANT:  None.
19           THE COURT:  No work at all?
20           THE DEFENDANT:  No work at all, sir.
21           THE COURT:  How have you supported yourself since
22   you've been out of school?
23           THE DEFENDANT:  By selling drugs, sir.
24           THE COURT:  And now have you any addictions to
25   drugs?

```
1                THE DEFENDANT:  Yes, sir.
2                THE COURT:  What is your addiction?
3                THE DEFENDANT:  Marijuana and cocaine.
4                THE COURT:  Anything else?
5                THE DEFENDANT:  No, sir.
6                THE COURT:  Have you taken any drugs or any
7    medication in the past 24 hours?
8                THE DEFENDANT:  No, sir.
9                THE COURT:  How long have you been incarcerated
10   now?
11               THE DEFENDANT:  Nine months.
12               THE COURT:  Okay.  Well, it's my understanding that
13   you have received a copy of this indictment and have reviewed
14   it with your attorney; is that correct?
15               THE DEFENDANT:  Yes, sir.
16               THE COURT:  Do you have any questions about the
17   charge against you?
18               THE DEFENDANT:  No, sir.
19               THE COURT:  Ms. Tuohey, perhaps you could put on
20   the record what you've done to review the charges against
21   your client with him and your satisfaction that he
22   understands the charge and, also, that he understands the
23   consequences of his plea here today.
24               MS. TUOHEY:  Yes, your Honor.
25               Actually, I'm the second attorney on this case.
```

1  Originally Mr. Wright had retained Ed Klein and then, after a
2  period of time, our office was assigned.  I took the case
3  from Mr. Klein.  I received the discovery from both him and
4  the government.  I've discussed that with my client in
5  regards to any pretrial issues he may have and trial issues.
6  After going through those, we decided the best option here
7  was to enter a plea of guilty to the indictment.
8              THE COURT:  We'll get to the consequences but
9  you've reviewed the consequences with him thoroughly?
10             MS. TUOHEY:  Yes, your Honor.
11             THE COURT:  Are you satisfied with the advice and
12 representation you received, Mr. Wright?
13             THE DEFENDANT:  Yes, sir.
14             THE COURT:  You understand you do have a right to
15 continue in your plea of not guilty and, if you did so, you'd
16 have a right to a trial by jury, during which time the
17 government would have to prove you guilty beyond a reasonable
18 doubt as to each and every element set forth in these three
19 counts.
20             You'd have the right to have your attorney with you
21 and represent you during the course of any such trial.  You'd
22 be able to confront witnesses, cross-examine them.  You'd
23 also have the right to bring in your own witnesses or take
24 the stand and testify on your own behalf, if you chose to do
25 so.

1               But by pleading here today, you'll waive all those
2    rights.  There will be no trial and the plea is the same as
3    if there were a trial and a jury were to find you guilty as
4    charged after a trial.
5               Do you understand that?
6               THE DEFENDANT:  Yes, sir.
7               THE COURT:  Now, there is no plea agreement.
8               So, Mr. Katko, would you put on the record, please,
9    what the consequences are of his plea here today, possible
10   consequences.
11              MR. KATKO:  Yes, your Honor.  The penalties that
12   the defendant faces upon his plea here today I'll go through
13   by count, if that's all right with the Court.
14              THE COURT:  All right.
15              MR. KATKO:  With respect to Count 1 because it's a
16   plea under Section 111(a)(1) and (b), which is enhanced
17   penalty for the assault, the defendant faces a maximum term
18   of 20 years.
19              With respect to Count 2, because the defendant
20   brandished a weapon in relation to Count 1 assault, he faces
21   a mandatory consecutive 7-year term of imprisonment for any
22   sentence he receives on Count 1.
23              And then with respect to Count 3, the maximum term
24   of imprisonment is 10 years.
25              With respect to all three counts, your Honor, the

1  defendant faces per count a fine of up to $250,000 and a
2  special assessment of $100.
3          And because of the penalties involved here in
4  Count 2, he faces a supervised release term of up to 5 years
5  following any period of incarceration.
6          Those are the penalties, your Honor.
7          THE COURT:  Any questions about any of that?
8          THE DEFENDANT:  No, sir.
9          MR. KATKO:  Your Honor, if I may, I just want to
10 note for the record, as well, because the defendant has two
11 prior felony convictions for either a crime of violence or a
12 drug trafficking crime and because of the nature of the
13 charges in this case, it's highly likely that he'll qualify
14 as a career offender under the Guidelines and he will be
15 facing enhanced penalties related thereto.
16         THE COURT:  What will they be?
17         MR. KATKO:  It depends, your Honor, whether or not
18 he's capped at a level 32, Criminal History Category VI or
19 Level 37, Criminal History Category VI.
20         If it's the level 37, Category VI, it's
21 approximately 360 months.
22         THE COURT:  360 months?
23         MR. KATKO:  Approximately.
24         THE COURT:  Any questions about that, Mr. Wright?
25         THE DEFENDANT:  No, sir.

1         THE COURT:  Have you discussed the sentencing
2    Guideline with your attorney?
3         THE DEFENDANT:  Yes, sir.
4         THE COURT:  You understand what the Sentencing
5    Guidelines are?
6         THE DEFENDANT:  Yes, sir.
7         THE COURT:  And the career offender statute how
8    that applies, you understand that?
9         THE DEFENDANT:  Yes, sir.
10        THE COURT:  I also have to advise you that the
11   Court cannot decide or determine what the sentence should be
12   in your case until after I've received a lot more information
13   about you and I've heard from the government and heard from
14   your attorney.
15        THE DEFENDANT:  All right.
16        THE COURT:  As you enter your plea here today, the
17   only thing you can be assured of is that the Court will not
18   sentence you to a term greater than that allowed by
19   statute --
20        THE DEFENDANT:  Okay.
21        THE COURT:  -- which Mr. Katko just went through.
22   I will consider the Sentencing Guidelines and, first of all,
23   have to decide what they are and how they apply to you and
24   I'm not bound by any representations made to you as to what
25   they are and how they apply to you.  That's something I have

1  to determine.
2         After that, I'll consider other factors under
3  federal statute, such as the nature and circumstances of the
4  offense; your history; your background; the seriousness of
5  the offense; the need to promote respect for the law and
6  provide just punishment to afford adequate deterrence for
7  further criminal conduct; and to protect the public.
8         I'll also consider your needs.  I will receive the
9  presentence investigation report from probation, which could
10 give me a lot of information about your background and the
11 conduct involved here.  That will take some time to prepare.
12 You'll have input to that report, as will your attorney, as
13 will the government.
14        After I've gone through that thoroughly, I'll hear
15 again from you and from your attorney and from the
16 government.  And I'll receive in writing submissions from
17 your attorney and from the government, as well.  And after
18 I've put all this together, then, and only then, will I be
19 able to make a determination as to what the appropriate
20 sentence may be.  So that will take some time.
21        Any questions about the sentencing process, what I
22 went through?
23        THE DEFENDANT:  No, sir.
24        THE COURT:  Has anyone made any promises to you to
25 induce you into entering into a plea here today, other than

1   what we put on the record here today?
2           THE DEFENDANT:  No, sir.
3           THE COURT:  Now, as to the factual basis for the
4   plea, Mr. Katko, could you summarize that for the record,
5   please.
6           MR. KATKO:  I will, your Honor.
7           Before I do that, I want to note one thing that I
8   want to make clear for the Court and the defendant and that
9   is, in addition to the career offender, any sentence he
10  receives on that sentencing guideline, the 7-year consecutive
11  on the gun count would run mandatory to it.
12          With respect to the three counts in the indictment,
13  your Honor, for each count I'll note the elements of the
14  offense.  I'll simply summarize and then I'll do a global
15  statements of facts.
16          With respect to Count 1, your Honor, we would have
17  to prove, essentially, that the defendant did, in fact,
18  assault federally deputized officers and that they were
19  engaged in and they were acting on account of their official
20  duties and that, in so doing, he possessed a dangerous
21  weapon; that is, the handgun described in the indictment.
22          With respect to Count 2, we will have to prove the
23  defendant, in fact, used and carried a weapon in relation to
24  the crime of violence as described in Count 1 and that, in
25  fact, he brandished that weapon.

1       And with respect to Count 3, we would have to prove
2   that the defendant had a previous felony conviction for which
3   he would be punishable by a term of exceeding one year and
4   that after he received that term of imprisonment, he
5   possessed the Glock 27 .40 caliber handgun which was made in
6   Austria, as described in the indictment.
7       Now, what we would prove, your Honor, if this case
8   were to go to trial is set forth in detail in a statement of
9   fact which I submitted to the Court but I think it's
10  important that I read it for the record, if the Court will
11  indulge me.
12      The facts are as follows:  On December 18th, 2012,
13  Syracuse police detectives Melvin DeBottis and Timothy
14  Galanaugh were both federally deputized members of the
15  Syracuse gang violence task force.  At approximately
16  12:50 p.m. that day, while engaged in the performance of
17  their official duties, DeBottis and Galanaugh were driving in
18  a government-issued vehicle when they observed Person A, a
19  suspected East Side gang member, walking westbound in the
20  1600 block of East Fayette Street in Syracuse, New York, and
21  his brother, the defendant.  Because Person A was suspected
22  of being involved in a shooting the night before, the
23  detectives decided to stop and talk to him.
24      As they were pulling their vehicle to the curb,
25  they observed the defendant pull a small, black

1  semi-automatic handgun from his waistband and point it at
2  them.  Both DeBottis and Galanaugh drew their handguns as
3  they got out of the car and advanced toward the defendant and
4  Person A shouting "drop the gun".  At that point Person A was
5  subdued and the defendant ran off.
6          A chase ensued and the defendant was found hiding
7  in a plastic deck box a few minutes later.  The gun in
8  question, a Glock Model 27 .40 caliber handgun, with a laser
9  sight, was recovered on the ground a few feet from where the
10 defendant had pointed it at DeBottis and Galanaugh.
11         The defendant is a multiple convicted felon and the
12 gun he possessed traveled in interstate commerce, as it was
13 manufactured outside the State of New York.
14         That's what we would prove, your Honor.
15         THE COURT:  Mr. Wright, the facts as just set forth
16 on the record, are they, in essence, correct?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  Is there anything else you wish to put
19 on the record before the Court takes your plea?
20         THE DEFENDANT:  Just that I'm -- I'm sorry that the
21 situation happened and I'm ready to...
22         THE COURT:  All right.  Miss Tuohey, anything else
23 at this time?
24         MS. TUOHEY:  No, your Honor.
25         THE COURT:  Mr. Katko.

Case 5:13-cr-00087-FJS Document 25 Filed 07/28/14 Page 13 of 16

US v. Wright - 13-CR-87

13

1      MR. KATKO: No, sir, thank you.
2      THE COURT: With respect to the indictment,
3 13-CR-87, Count 1 charges, on or about December 18, 2012, in
4 the Northern District of New York that you did forcibly
5 assault, resist, oppose, impede, intimidate and interfere
6 with two federally-deputized detectives from the Syracuse
7 Gang Violence Task Force while they were engaged in and on
8 account of the performance of their official duties, and, in
9 the commission of those acts, used a deadly and dangerous
10 weapon; that is, a Glock model 27 .40 caliber handgun, serial
11 number NCS050 which had a laser sight affixed to it.
12      This in violation of Title 18, United States Code,
13 Section 111(a)(1) and (b).
14      How is it you plead to this count, then, guilty or
15 not guilty?
16      THE DEFENDANT: Guilty.
17      THE COURT: And Count 2, on or about December 18th,
18 2012, in the Northern District of New York, that you did
19 during and in relation to the crime of violence for which you
20 could be prosecuted in a court of the United States; that is,
21 a violation of Title 111, Title 18, United States Code, did
22 use, carry and brandish a firearm; that is, the same Glock
23 model 27 .40 caliber handgun.
24      How is it you plead to this count, then, guilty or
25 not guilty?

1     THE DEFENDANT:  Guilty.
2     THE COURT:  And as to Count 3 on the same date and
3  place, on or about December 18, 2012, in the Northern
4  District of New York, that you, having previously been
5  convicted in a court of a crime punishable by imprisonment of
6  a term exceeding one year, did knowingly possess and affect
7  the commerce a Glock Model 27 .40 caliber handgun, the same
8  handgun just mentioned in Count 1 and 2.
9     In violation of Title 18, United States Code,
10 Section 922(g)(1) and 924(a)(2).
11     How is it you plead to this count, then, guilty or
12 not guilty?
13     THE DEFENDANT:  Guilty.
14     THE COURT:  There's also a forfeiture that you
15 agree to forfeit the Glock -- identified Glock model 27 .40
16 caliber handgun to the government at this time.
17     As to these counts, then, it is the finding of this
18 Court that in the case of the United States against Terrell
19 Wright, that the defendant is competent and is capable of
20 entering an informed plea.  This plea is a knowing and
21 voluntary plea supported by a basis in fact.
22     His plea is, therefore, accepted and he is now
23 adjudged guilty of those offenses.
24     We'll set the sentencing date down for March 10th,
25 2014, at 11 a.m., in Syracuse, New York.

1     Anything else at this time?

2     MR. KATKO:  No, sir, thank you, your Honor.

3     MS. TUOHEY:  No, your Honor, thank you so much.

4     THE COURT:  Thank you.

5     THE CLERK:  Court is adjourned.

6     (Proceedings adjourned, 11:20 a.m.)

C E R T I F I C A T I O N

I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

_____

DIANE S. MARTENS, FCRR